RECOMMENDED FOR PARTIAL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0135P (6th Cir.)
File Name: 03a0135p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

*v.*

OCTAVIO CORREA-GOMEZ,
*Defendant-Appellee.*

No. 01-6542

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00032—Henry R. Wilhoit, Jr., District Judge.

Argued: February 5, 2003

Decided and Filed: May 9, 2003

Before: BOGGS and NORRIS, Circuit Judges; BELL,*
Chief District Judge.

————————————

**COUNSEL**

**ARGUED:** Gregory F. Van Tatenhove, ASSISTANT
UNITED STATES ATTORNEY, Lexington, Kentucky, for
Appellant. Steven R. Romines, ROMINES, WEIS &

_____

* The Honorable Robert Holmes Bell, Chief United States District
Judge for the Western District of Michigan, sitting by designation.

YOUNG, Louisville, Kentucky, for Appellee. **ON BRIEF:**
Charles P. Wisdom, Jr., David A. Marye, ASSISTANT
UNITED STATES ATTORNEYS, Lexington, Kentucky, for
Appellant. Steven R. Romines, ROMINES, WEIS &
YOUNG, Louisville, Kentucky, for Appellee.

————————————

**OPINION**

————————————

ALAN E. NORRIS, Circuit Judge. The United States
appeals from an order of the district court dismissing the
indictment against defendant, Octavio Correa-Gomez, based
upon his allegation of selective prosecution. The indictment
charged defendant and his brother, Miguel Correa-Gomez,
with encouraging aliens to enter the United States illegally
and then harboring them upon their arrival "for the purpose of
commercial advantage," which in this case involved working
in Mexican restaurants that defendants operated in Kentucky.[1]
After reviewing the manner in which immigration violations
had been investigated and prosecuted in the Eastern District
of Kentucky, the district court concluded that defendant,
Octavio Correa-Gomez, had been prosecuted selectively
based upon his nationality. *See United States v. Correa-
Gomez*, 160 F.Supp.2d 748 (E.D. Ky. 2001). In an
unpublished appendix to this opinion, we affirm the judgment
of the district court on the merits. We write separately here
to clarify when a motion for rehearing or reconsideration in a
criminal matter is timely filed.

The district court dismissed the indictment with prejudice
on August 31, 2001. The government filed a motion on
September 19 urging the district court to reconsider its
decision. The district court denied that motion on
November 30. *See* Memorandum Opinion and Order, Crim.
Action No. 01-32-HRW, E.D. Ky. (November 30, 2001).

_____

[1] Miguel Correa-Gomez, who is not party to this appeal, was also
charged with two counts of violating federal firearms statutes.

Although the district court reached the merits of the motion, it first found that the motion was untimely, adopting the ten-day time period prescribed by Federal Rule of Civil Procedure 59(e) for motions to alter or amend. The district court deemed the government's motion to be untimely because it was filed "nineteen days after the entry of the final order dismissing the indictment." Mem. Op., Nov. 30, 2001, at 2.

As a result, defendant contends that the government's notice of appeal is likewise untimely because it was not filed within the thirty-day period prescribed for appeals by the government in criminal cases. Fed. R. App. P. 4(b)(1)(B).

While not precisely on point, two Supreme Court opinions support a contrary conclusion. In *United States v. Dieter*, 429 U.S. 6 (1976), the district court dismissed the indictment against defendant on October 4, 1974. On October 16, the government filed a "Motion to Set Aside (the) Order of Dismissal," which the district court denied on November 6. The next day the government appealed. The Tenth Circuit dismissed the appeal as untimely because the notice of appeal had been filed thirty-four days after the initial October 4 dismissal. The Supreme Court reversed, reasoning that "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *Id.* at 8 (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)).

The Court reiterated its position in *United States v. Ibarra*, 502 U.S. 1 (1991). In that case, the government filed a motion for reconsideration twenty-eight days after the district court granted a motion to suppress. The government's motion was denied twenty-one days later and it filed a notice of appeal twenty-seven days after that. The Tenth Circuit dismissed the appeal as untimely, holding that the government's motion for reconsideration did not "toll" the thirty-day period allowed for appeal. *Id.* at 3. A unanimous Court reversed, once again looking to *Healy* and *Dieter* for the proposition that "a motion for rehearing in a criminal case,

like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing." *Ibarra* at 6. In neither *Dieter* nor *Ibarra* did the Court invoke the limitation period of Civil Rule 59(e), although in each case the government failed to file its motion for rehearing or reconsideration within ten days.

Furthermore, the Court has stated that, "absent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 268 (1978) (construing *Healy* and *Dieter* and applying Rule 59 to habeas proceedings) (internal punctuation altered). While no Sixth Circuit case has dealt explicitly with this question, several of our sister circuits have found, consistent with *Ibarra*, that a timely motion for reconsideration means that the period for filing an appeal begins to run only after the district court has ruled on the motion for reconsideration. *See, e.g., United States v. Morillo,* 8 F.3d 864, 867 n.4 (1st Cir. 1993).

These cases make clear that a timely filed post-judgment motion in a criminal case precludes the necessity of filing a notice of appeal within the time period prescribed by Fed. R. App. 4(b). Rather, the time allotted for appeal only begins to run once the district court rules upon the motion.

In the present case, however, the question is slightly different. Defendant is contending that Rule 59(e) applies and that, therefore, the government's untimely motion does not stop the running of the thirty-day appeal period. Although at least two circuits have applied Rule 59(e) in a quasi-criminal context, *United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) (applying ten-day period of Rule 59(e) to a motion for reconsideration in a § 2255 action); *United States v. Clark*, 984 F.2d 31, 34 (2d Cir. 1993) (same), we decline to apply the ten-day limitation period imposed by that rule to motions for reconsideration or rehearing filed in criminal cases on direct appeal. *See generally Browder*, 434

U.S. at 269 (explaining that habeas corpus proceedings are civil in nature and therefore the Federal Rules of Civil Procedure apply). Instead, we hold – consistent with *Dieter* and *Ibarra* – that a motion for reconsideration or rehearing of a final judgment in a criminal case must be filed within the period provided by Fed. R. App. P. 4(b)(1) unless the local rules of the district court provide otherwise. Effectively, this means that criminal defendants must file such motions within ten days of the judgment entry, Fed. R. App. P. 4(b)(1)(A)(i), and the government must file such motions within thirty days. Fed. R. App. P. 4(b)(1)(B)(i).

The judgment of the district court is **affirmed** for the reasons outlined in the appendix to this opinion.